**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRIANNA FRENCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.   1:20-cv-1125 |
| | ) |
| BURNS & WILCOX, LTD, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now the Plaintiff, Brianna French ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Burns & Wilcox, Ltd. ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"), the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Family Medical Leave Act of 1993 29 U.S.C. § 2601 *et seq.*

**PARTIES**

2. Plaintiff has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation that operates and conducts business in the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 12117, and 29 U.S.C. § 2617(a)(2).

5. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f), 42 U.S.C. § 12111(4), and 29 U.S.C. § 2611(2).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b), 42 U.S.C. § 12111(5)(A), and 29 U.S.C. 2611(4).

7. At all relevant times, Defendant employed 50 or more employees within a 75-mile radius of Plaintiff's worksite.

8. At all relevant times, Plaintiff had a "serious health condition" as that term is defined by the FMLA.

9. Plaintiff satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (Charge #470-2019-03098). Plaintiff received her "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

10. At all relevant times, Plaintiff has been a qualified individual with a disability, has had a record of disability, and/or has been regarded by Defendants as disabled as defined by the ADA.

11. All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

12. Plaintiff is a female, placing her in a protected class under Title VII.

13. Plaintiff was employed by Defendant as an Associate Underwriter on or about January 2, 2018.

14. At all relevant times, Plaintiff met or exceeded Defendants legitimate performance expectations.

15. Throughout her employment with Defendant, Plaintiff reported to Underwriter Manager Steve Shepherd, a male.

16. In July 2018, Plaintiff disclosed to Sonia Henry ("Henry") and Taylor Stokes ("Stokes"), Human Resources employees of Defendant, that she was pregnant. Plaintiff inquired about her rights under the FMLA and Defendant's policies and practices applicable to her.

17. Defendant advised Plaintiff that she was not eligible for leave under the FMLA until January 2019, prior to her due date in March 2019.

18. Later in July, Plaintiff advised Henry and Stokes that her pregnancy was high-risk due to an underlying medical condition and because she was giving birth to twins.

19. In September 2018, Plaintiff began using sick and vacation days due to her pregnancy and medical condition.

20. Plaintiff continued to keep in contact with Shepherd and Defendant's Human Resources department about her medical condition. Shepherd continued to assure Plaintiff that her job was not in jeopardy as long as she continued to provide updates and documentation from her physician.

21. In November 2018, Plaintiff's physician recommended she be placed on bed rest and restricted her to working from home three days a week.

22. Plaintiff advised Defendant's Director of Human Resources, O'Neal Franso ("Franso") of her physician's recommendations and inquired whether his recommendation of working from home would be allowed by Defendant. Plaintiff's inquiry constitutes a request for a reasonable accommodation and is protected activity under the ADA.

23. Franso advised Plaintiff that Defendant has accommodated employees with similar requests in the past and advised Plaintiff that he would begin the process of getting her set up to do so.

24. Plaintiff continued to keep in contact with Defendant throughout November 2018 regarding her work from home status. Each time she inquired, Defendant advised Plaintiff that it was processing her request to work remotely from home.

25. On November 29, 2018, Franso and Shepard called Plaintiff and advised her that Defendant could not accommodate her working remotely and terminated Plaintiff.

26. Defendant did not provide Plaintiff the option to keep her employment and continue to work from the office.

27. Franso and Shepherd advised Plaintiff that she had "done nothing wrong" and that she should re-apply to Defendant "after she gave birth."

28. Defendant's internal termination paperwork indicated that Plaintiff's termination was "involuntary" for "health reasons" and noted she was available for rehire.

29. All proffered reasons for Plaintiff's termination are pretextual.

30. Plaintiff has suffered and continues to suffer injury as a result of Defendant's unlawful actions.

## COUNT I

### TITLE VII – SEX DISCRIMINATION

31. Plaintiff hereby incorporates paragraphs 1 – 30 of her Complaint.

32. Defendant took adverse employment actions against Plaintiff because of her sex.

33. Other, similarly-situated individuals who are not female have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

34. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT II

## TITLE VII – PREGNANCY DISCRIMINATION

35. Plaintiff hereby incorporates paragraphs 1 – 34 of her Complaint.

36. Defendant took adverse employment actions against Plaintiff because of her pregnancy.

37. Other, similarly-situated individuals who are not pregnant have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

38. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT III

## ADA – DISABILITY DISCRIMINATION

39. Plaintiff hereby incorporates paragraphs 1 – 38 of her Complaint.

40. Defendant took adverse employment actions against Plaintiff because of her disability.

41. Other, similarly-situated individuals who are not disabled have been treated more favorably by Defendant and have not been subject to the same adverse employment actions as Plaintiff.

42. Defendant's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by the ADA.

## COUNT IV

### ADA – FAILURE TO ACCOMMODATE

43. Plaintiff hereby incorporates paragraphs 1-42 of her Complaint.

44. Plaintiff requested a reasonable accommodation.

45. Defendant failed to provide Plaintiff with a reasonable accommodation and failed to engage in the interactive process.

46. Defendant's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by the ADA.

## COUNT V

### VIOLATIONS OF THE FMLA

47. Plaintiff hereby incorporates paragraphs 1-46 of her Complaint.

48. Defendant was aware that Plaintiff would soon be eligible for FMLA leave and took adverse actions against Plaintiff to prevent her from becoming eligible for leave.

49. Defendant failed and refused to apply the same standard to Plaintiff as it has applied to similarly situated employees who have not indicated a need to take FMLA leave when eligible.

50. Defendant's actions, as alleged above, constitute interference with Plaintiff's FMLA rights.

51. Defendant's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by the FMLA.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff, Brianna French, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to her in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay liquidated damages to Plaintiff;

5. Defendant pay pre and post-judgment interest to Plaintiff;

6. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*/s/ Christopher L. Cassidy*
Christopher L. Cassidy, Attorney No. 22837-49
Eric J. Hartz, Attorney No. 29676-49
CLEVELAND LEHNER CASSIDY
6214 Carrollton Ave., Suite 200
Indianapolis, Indiana  46220
Telephone:   (317) 388-5424
Facsimile:    (317) 947-1863
Email:          chris@clcattorneys.com
                   eric@clcattorneys.com

Attorneys for Plaintiff
Brianna French

## **DEMAND FOR JURY TRIAL**

Plaintiff, Brianna French, respectfully requests a jury trial for all issues deemed triable.

                                                 Respectfully submitted,

                                                 */s/ Christopher L. Cassidy*
                                                 Christopher L. Cassidy